IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ROGER DYALS and
DEE GRANT PORTER,

    Plaintiffs,

v.                        CV 212-207

Sheriff TOMMY J. GREGORY,
in his official capacity,

    Defendant.

## ORDER

Presently before the Court are Defendant's motions in limine (doc. 73). Defendant timely filed the motion on November 11, 2014. Plaintiffs raised a motion in limine on November 18, 2014 (doc. 74). Pursuant to this Court's Order and Notice of Pretrial Proceedings (doc. 66), all evidentiary motions were due by close of business on November 11, 2014, and all responses were due by close of business on Friday, November 21, 2014.[1] As the deadline for response has passed, the motions are ripe for the Court's review.

---

[1] The Court recognizes that the CM/ECF system provides a response date of November 28, 2014; however, "[a]ttorneys should be aware that the submission due date, which appears when either electronically filing a motion or querying deadlines, is for Court use only and **should not be relied upon** as an accurate computation of the response date." United States District Court Southern District of Georgia, Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means, http://www.gasd.uscourts.gov/pdf/EcfProcedures.pdf (emphasis in original).

# I. Motions in Limine

As a preliminary matter, with the exception of one issue, Plaintiff has failed to respond to Defendant's motions in limine. Pursuant to Local Rule 7.5, "[f]ailure to respond within the applicable time period shall indicate that there is no opposition to a motion." LR SDGa 7.5; see also Bush v. Smith, No. 6:04-cv-156, 2007 WL 4712761, at *1 (S.D. Ga. Mar. 9, 2007). Indeed, "the orderly, efficient passage of lawsuits through the federal courts demands that the Federal Rules of Civil Procedure be followed[.]" E.E.O.C. v. Exel, Inc., 259 F.R.D 652, 656 (N.D. Ga. 2008) (internal quotations omitted). The Court thus addresses those motions which are deemed unopposed, the motion to which Plaintiffs did respond, and the evidentiary objections raised by Defendant.

## a. Motions in Limine Deemed Unopposed

Defendant raises a number of pre-trial motions, which as the Court explained above are deemed unopposed. Specifically, Defendant moved to exclude (1) testimony based on hearsay; (2) evidence regarding emotional injury; (3) evidence regarding any dismissed or proposed claim not allowed by the court; (4) evidence of front pay; (5) evidence that Defendant pressured Plaintiff Dyals to retire; (6) testimony as to why Tom Flanders was not laid off; (8) testimony inconsistent with deposition testimony; and (9) "other improper evidence."[2]

---

[2] The "other improper evidence" is (1) the content or existence of settlement negotiations; (2) that Defendant's attorneys practice with a large law firm; (3) the existence of discovery disputes; (4) that Defendant

2

As to the hearsay motion, Defendant points to his previously-filed Motion for Reconsideration (doc. 67), wherein he makes a number of arguments regarding specific hearsay statements. In that motion, Defendant cites three instances of hearsay: a statement relayed to Plaintiffs that Defendant allegedly said, "Why would I get rid of a younger deputy when I can get rid of a Bill Argo or Roger Dyals?"; statements from Kevin Barber to Plaintiffs about how Defendant was determined to get rid of the "greybeards"; and a chart created from Defendant's payroll records showing a pattern of age discrimination.

As to these three statements, the Court grants Defendant's motion as unopposed. Beyond these three instances, Defendant claims that "most of the testimony in this case is going to be based on inadmissible hearsay or rumored beliefs that Sheriff Gregory discriminated against the Plaintiffs based on their age." (Doc. 73 at 5.) To the extent Defendant seeks to exclude any and all possible instances of hearsay that may come up at trial, the Court reminds the parties that it strictly adheres to the Federal Rules of Evidence. Upon a timely objection, then, the Court will address any hearsay arguments Defendant might raise. Accordingly, the Court finds the above-listed motions to be unopposed and **GRANTS** Defendant's motions in limine.

b. **Evidence Regarding Other Discrimination Allegations**

---

presented motions in limine to exclude evidence from the jury; and (5) the failure to call any witness equally available to all parties. (Doc. 73.)

Defendant also seeks to exclude the testimony of Jeremy Rogers, Carol Coats, and other former employees who might testify that they were terminated because of age. Plaintiff filed a motion in limine on November 18, 2014 to include the testimony of these individuals, which was filed beyond the deadline for motions in limine. However, because the issue is one raised by Defendant in his motion, the Court construes Plaintiffs' motion as one in response.

Defendant challenges this evidence as irrelevant[3] and unfairly prejudicial. Specifically, Defendant cites Moorhouse v. Boeing Co., 501 F. Supp. 390, 392-97 (E.D. Pa. 1980), a case cited with approval by the Northern District of Georgia in Grayson v. K-Mart Corp., 840 F. Supp. 785, 791 (N.D. Ga. 1994). In Moorhouse, the court held that "even the strongest jury instructions could not have dulled the impact of a parade of witnesses, each recounting his contention that defendant had laid him off because of his age." Moorhouse, 501 F. Supp. at 397 n.4. In retort, Plaintiff cites Demers v. Adams Homes of NW Fla., Inc., 321 F. App'x 847 (11th Cir. 2009). In Demers, the Eleventh Circuit held that testimony of former employees regarding the defendant's discriminatory actions was admissible under Federal Rule of Evidence 404(b) as relevant to show intent. There, the court held "wide evidentiary latitude must be granted to those attempting to prove discriminatory intent and

---

[3] As best the Court can discern, Defendant's argument of relevance is based on the fact that these third parties are not valid comparators as they worked in different positions than Plaintiffs.

4

'th[e] trier of fact should consider all the evidence.'" Id. at 853 (quoting United States Postal Serv. v. Aikens, 460 U.S. 711, 714 n.3 (1983)).

The relevance and prejudicial effect of this evidence requires further review from this Court, particularly regarding the circumstances surrounding the terminations of these third-party employees and their work experiences.[4] Thus, the Court **DEFERS** ruling on this issue pending argument from the parties at the pretrial conference.

## II. **Evidentiary Objections**

Defendant also raises a number of objections to Plaintiffs' exhibit list:

- Defendant objects to the introduction of depositions, declarations, and affidavits as exhibits and claims that they should only be admissible for impeachment purposes (Exhibits 1, 3, 4, 5, 6, 9, 10, 11, 12, 13, 14, 22, 26, and 28).

- Defendant objects to three e-mails as irrelevant and prejudicial (Exhibits 7, 24, and 25).

- Defendant objects to Plaintiffs' Summary of Terminations and of New Hires as inaccurate, inadmissible hearsay, and unduly prejudicial (Exhibit 8).

---

[4] See Franks v. Indian Rivers Mental Health Ctr., No. 7:08-cv-1035, 2014 WL 514130, at *8 (N.D. Ala. Feb. 7, 2014) ("The Supreme Court has held that the admissibility of an employer's alleged discriminatory acts not directed specifically at the plaintiff is fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and the theory of the case. Because Rules 401 and 403 do not make such evidence per se admissible or per se inadmissible, the district court has wide discretion concerning the admission of such evidence." (internal quotations omitted)).

5

- Defendant objects to the Excerpt from the Comprehensive Annual Financial Report as unduly prejudicial because it does not reflect the full budget (Exhibit 19).

- Defendant finally objects to Exhibit 30, identified as "Excerpts from documents and records provided by Defendant in response to Plaintiffs' discovery to Defendant" as overly vague and lacking in specificity.

Because Plaintiff has failed to respond, the above-listed objections are deemed unopposed. Thus, Plaintiffs are (1) limited to using depositions, declarations, and affidavits for impeachment purposes only and (2) prohibited from introducing the above-listed e-mails, summary, and financial report at trial.

As to Exhibit 30, the Court agrees with Defendant that the description is impermissibly vague. Pursuant to the pretrial order, the parties were to list all documents and physical evidence they anticipated using at trial. The parties could then object in writing to any of those exhibits, and items not objected to would be admitted when tendered at trial. Here, Plaintiffs have, with just one exhibit, listed a potentially infinite number of documents. Defendant cannot be expected to object in any meaningful way prior to trial. Plaintiffs have not responded to the objection or sought leave to amend the pretrial order to specifically list other proposed exhibits. Thus, the Court holds that Plaintiffs' Exhibit 30 is excluded from evidence, and Plaintiffs shall be limited to those documents remaining in the pretrial order.

### III. Conclusion

Based on the foregoing, Defendant's motions in limine are deemed unopposed and **GRANTED** (doc. 73), with the exception of hearsay statements not specifically listed herein. Further, Plaintiffs are limited to using depositions, declarations, and affidavits for impeachment purposes only; Exhibits 7, 8, 19, 24, and 25 are excluded from trial as unopposed; and Exhibit 30 is hereby stricken from the exhibit list as unduly vague. The Court hereby **DEFERS** ruling on Defendant's motion in limine to exclude testimony regarding other allegations of discrimination pending the parties' proffer at the pretrial conference.

**ORDER ENTERED** at Augusta, Georgia, this 24th day of November, 2014.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA