IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| ROGER DYALS and DEE GRANT PORTER, | * | |
| Plaintiffs, | * | |
| v. | * | CV 212-207 |
| SHERIFF TOMMY J. GREGORY, in his official capacity, | * | |
| Defendant. | * | |

ORDER

Presently pending before the Court is Defendant's motion for reconsideration of this Court's partial denial of Defendant's motion for summary judgment.[1] (Doc. 67.)

---

[1] Defendant characterizes the present motion as alternatively moving for summary judgment. In his first motion for summary judgment (doc. 64), the Court addressed claims of age discrimination and retaliation, as well as a violation of the Fair Labor Standards Act ("FLSA") and retaliation under the FLSA. Defendant's present motion does not address any new legal claims, aside from briefly addressing a claim under the Fair Employment Practices Act ("FEPA"). "[I]t is improper for a party to file a successive motion for summary judgment which is not based upon new facts and which seeks to raise arguments it could have raised in its original motion." Campers' World Int'l, Inc. v. Perry Ellis Int'l, Inc., 221 F.R.D. 409 (S.D.N.Y. 2004). The only "new evidence" presented by Defendant are two affidavits from individuals whose depositions were relied upon with his initial motion for summary judgment. Thus, to the extent Defendant seeks to re-litigate the issues already decided by the Court, the Court construes this motion as one for reconsideration alone.

As to the FEPA claim, Defendant asserts that Plaintiffs' complaint is "devoid of any factual basis, legal theory, or other allegation as to how [Defendant] violated the [FEPA]." (Doc. 67 at 19.) FEPA's language, however, mirrors that of the ADEA. Moreover, Count I of Plaintiffs' second amended complaint refers generically to Age Discrimination, and not to the ADEA specifically. Thus, the "complaint clearly indicates the grounds upon which the Plaintiff[s' discrimination] claim rests." See McIntyre v. Eckerd Corp., No. 1:06-cv-0371, 2007 WL 781337, at *4 (N.D. Ga. Mar. 5, 2007).

Defendant's motion is hereby **DENIED** for the reasons set forth below.

## I. STANDARD FOR RECONSIDERATION

Pursuant to Federal Rule of Civil Procedure 59(e), a party may seek to alter or amend a judgment in a civil case within twenty-eight days after the entry of the judgment. "[R]econsideration of a previous order is 'an extraordinary remedy, to be employed sparingly.'" Williams v. Cruise Ships Catering & Serv. Int'l, N.V., 320 F. Supp. 2d 1347, 1358 (S.D. Fla. 2004) (citation omitted). In fact, a motion for reconsideration is not an appeal, and thus it is improper on a motion for reconsideration to "ask the Court to rethink what it ha[s] already thought through — rightly or wrongly." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983), quoted in Weitz Co. v. Transp. Ins. Co., No. 08-23183, 2009 WL 1636125, at *1 (S.D. Fla. June 11, 2009) and Vidinliev v. Carey Int'l, Inc., No. 1:07-cv-762, 2008 WL 5459335, at *1 (N.D. Ga. Dec. 15, 2008). A movant must "set forth facts or law of a strongly convincing nature to induce the

---

However, FEPA requires that Plaintiffs file a sworn complaint with the "administrator" of the Georgia Commission on Equal Opportunity. O.C.G.A. § 45-19-36. Plaintiffs provide no indication that they have done so, and have failed to respond entirely to Defendant's motion on this issue. See LR 7.5, SDGa ("Failure to respond within the applicable time period shall indicate that there is no opposition to a motion."). Thus, the motion is deemed unopposed and any claim based on FEPA is hereby **DISMISSED**.

court to reverse its prior decision." Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294, 294 (M.D. Fla. 1993) (citation omitted).

Although Rule 59(e) does not set forth the grounds for relief, district courts in this Circuit have identified three that merit reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. See, e.g., Ctr. for Biological Diversity v. Hamilton, 385 F. Supp. 2d 1330, 1337 (N.D. Ga. 2005); Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Ga. 1994).

"Motions for reconsideration should not be used to raise legal arguments which could and should have been made before the judgment was issued." Lockard v. Equifax, Inc., 163 F.3d 1259, 1267 (11th Cir. 1998); see also Collins v. Int'l Longshoremen's Ass'n Local 1423, No. 2:09-cv-093, 2013 WL 393096, at *1 (S.D. Ga. 2013 Jan. 30, 2013) ("Motions for reconsideration should not be used to relitigate issues which have already been found lacking." (internal quotations omitted)); Michael Linet, Inc. v. Vill. of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005) ("[A party] cannot use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."). Further, Rule 59(e) "is not a vehicle for rehashing arguments already rejected by

the court or for refuting the court's prior decision." Wendy's Int'l v. Nu-Cape Constr., Inc., 169 F.R.D. 680, 686 (M.D. Ga. 1996).

Where, as here, the motion for reconsideration is untimely,[2] the movant must instead rely on Rule 60(b), which allows a court to "relieve a party or its legal representative from a final judgment, order, or proceeding" if one of the following six grounds are met:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

FED. R. CIV. P. 60 (b); Graveling v. Sirote & Permute, P.C., No. 2:13-cv-120, 2014 WL 5426811, at *2 (S.D. Ala. Oct. 24, 2014). In contrast to a Rule 59 motion, one made under Rule 60(b) need only be made "within a reasonable time," but no longer than one year after the entry of the order. FED. R. CIV. P. 60(c)(1). Under Rule 60(b)(6) "a court may grant relief for any other reason justifying relief from the operation of judgment. Relief under this clause is an extraordinary remedy which may be

[2] Defendant filed his motion approximately forty days after the Court's September 5, 2014 Order.

invoked only upon a showing of exceptional circumstances." Miller v. Brown, No. 1:12-cv-166, 2014 WL 229481, at *1 (S.D. Ga. Jan. 17, 2014) (quoting Mitchell v. Miller, No. 4:99-cv-080, 2007 WL 1183896, at *1 (M.D. Ga. Apr. 19, 2007)).

## II. DISCUSSION

Even characterized as one under Rule 60, Defendant's motion for reconsideration fails on the merits as it does not meet the standards of that rule. Defendant bases his motion on three arguments: (1) Plaintiffs cannot prove a prima facie case of age discrimination without relying on hearsay; (2) Plaintiffs cannot prove the legitimate, non-discriminatory reason was pretextual; and (3) Dyals' FLSA claim is subject to the law enforcement exemption. In support of his motion, Defendant does not present any newly discovered evidence that, with reasonable diligence, could not have been discovered in time for the motion for summary judgment. Indeed, the only additional evidence he presents is his own affidavit and that of Michael Fender, who was deposed on August 2, 2013. Thus, as Defendant recognizes in his reply, he must rely on Rule 60(b)(6): "any other reason that justifies relief." See Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984) ("It is well established, however, that relief under [Rule 60(b)(6)] is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances. The party seeking relief has the burden of

showing that absent such relief, an 'extreme' and 'unexpected' hardship will result." (quoting United States v. Swift & Co., 286 U.S. 106, 119 (1932) (internal citations omitted)).

**A. Prima Facie Case of Age Discrimination**

Defendant first argues that the Court improperly relied on hearsay statements in ruling that Plaintiffs met the prima facie case. With its September 5, 2014 Order, the Court thoroughly detailed the factual basis for Plaintiffs' claims, and thus does not do so again here. As is relevant to the present motion, Defendant focuses on three instances of hearsay: (1) a statement relayed to Plaintiffs that Defendant allegedly said, "Why would I get rid of a younger deputy when I can get rid of a Bill Argo or Roger Dyals?"; (2) statements from Kevin Barber to Plaintiffs about how Defendant was determined to get rid of the "greybeards"; and (3) a chart created from Defendant's records showing a pattern of age discrimination.

The case law of this circuit is clear that "a district court may consider a hearsay statement in passing on a motion for summary judgment if the statement could be reduced to admissible evidence at trial or reduced to admissible form." Jones v. UPS Ground Freight, 683 F.3d 1283, 1293-94 (11th Cir. 2012) (quoting Macuba v. Deboer, 193 F.3d 1315, 1322 (11th Cir. 1999)). Here, "whether plaintiff's exhibits are or are not admissible as presently submitted is of no moment[] [b]ecause

defendants have made no showing that these exhibits cannot be reduced to admissible form at trial[.] Of course, it remains each party's burden at trial to present evidence in admissible form." Prince Hotel, S.A. v. Blake Marine Grp., No. 11-0537-WS-M, 2012 WL 4711897, at *1 n.5 (S.D. Ala. Oct. 2, 2012).

Even assuming that the aforementioned comments and chart could not be reduced to admissible form, Plaintiffs still presented sufficient evidence to meet the prima facie case. Excluding any comments made, Plaintiffs offered the following as circumstantial evidence of intent:

- Defendant's departure from the employee ranking system;
- Defendant's hiring of two deputies outside the protected class days before terminating Plaintiffs;
- The actual severity of the budget shortfall; and
- Defendant's hiring of individuals outside the protected class subsequent to the layoffs.

Simply put, the Court is satisfied that Plaintiffs produced sufficient evidence to set forth a prima facie case of age discrimination. This conclusion is bolstered by the fact that Defendant has failed to present any evidence of hardship, extreme or otherwise, that would necessitate reconsideration.

**B. Pretext for Age Discrimination**

Defendant next quarrels with the Court's finding of a genuine issue of material fact as to pretext. In its motion,

Defendant challenges each of the Court's stated bases in an attempt to re-litigate previously decided issues. Specifically, Defendant presents argument as to (1) the severity of the budget shortfall; (2) the individuals hired prior to Plaintiffs' layoffs; (3) the hiring subsequent to the layoffs; (4) the deviation from the ranking system; and (5) the discriminatory comments.

Again, Defendant does "not present newly-discovered evidence or manifest errors necessary for the grant of a [] motion for reconsideration. Instead, his motion improperly attempt[s] to relitigate old matters by rehashing arguments he had previously made." Allaben v. Howanitz, 579 F. App'x 716, 719 (11th Cir. 2014). Coupled with Defendant's failure to present any evidence of hardship, extreme or otherwise, Defendant has failed to meet his burden and his motion for reconsideration as to the pretext issue must fail as well.

**C. FLSA Law Enforcement Exemption**

As to Plaintiff Dyals' FLSA claim, this Court previously ruled that Defendant did not meet his burden of proving the law enforcement exemption applied because he did not produce any evidence that Dyals' work period was more than seven but less than twenty-eight days. To rectify his prior omission, Defendant now presents the affidavit of Michael Fender, the Director of Finance for Camden County, the final line of which

states "Dyals's work period was 14 days." (Doc. 67, Ex. 1 ¶ 10.) This unsupported assertion is not "of a strongly convincing nature [that would] induce the court to reverse its prior decision." Cover, 148 F.R.D. at 294. Fender was deposed more than a year before the Court's ruling on the summary judgment motion, and Defendant relied on Fender's deposition in his briefs. Thus, the Court cannot conclude that Defendant is producing "newly discovered evidence that, with reasonable diligence, could not have been discovered" sooner. FED. R. CIV. P. 60(b)(2). Moreover, Defendant has again failed to show how he will face extreme or undue hardship moving forward to trial. Thus, the Court finds that the extraordinary remedy provided in Rule 60(b) is inapplicable to the present case.

## III. CONCLUSION

The Court has thoroughly considered the issues that form the basis of its prior ruling and finds neither a reason nor a legal basis for reconsidering its previous order. Defendant's motion for reconsideration of this Court's September 5, 2014 Order denying in part Defendant's motion for summary judgment (doc. 67) is therefore **DENIED**. To the extent Plaintiff attempts to assert a claim under FEPA, however, such a claim is **DISMISSED**.

**ORDER ENTERED** at Augusta, Georgia, this 25th day of November, 2014.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA